UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00036-JPH-DLP |
| ) | |
| M. ELLIS individually and in his official capacity ) | |
| as Legal Liaison at the Wabash Valley ) | |
| Correctional Facility, ) | |
| RICHARD BROWN in his official capacity as ) | |
| Warden of the Wabash Valley Correctional ) | |
| Facility, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Defendants' Motion to Dismiss**

**I. Introduction**

Plaintiff Robert L. Holleman, at the time an Indiana Department of Correction (IDOC) inmate at the Wabash Valley Correctional Facility (WVCF) in Carlisle, Indiana, commenced this 42 U.S.C. § 1983 action on January 21, 2020, seeking monetary damages and injunctive relief from and against the defendants, officials at WVCF. Mr. Holleman had long provided other inmates with advice concerning their issues with prison conditions and lawsuits. A new prison policy effective July 1, 2019, prohibits an inmate from possessing the legal documents of other inmates:

> Offenders are expressly prohibited from being in physical possession [on their person or in their living quarters] of other offender's legal work. If an offender is found to be in possession of another offender's legal work, the violation may result in a Class-B write up [B-215 Unauthorized Possession of Property].

Dkt. 1 at ¶ 11 (quoting Wabash Valley Facility Handbook). Mr. Holleman contends that the policy violates his First Amendment Free Speech rights to provide legal advice to other inmates. His

claims under the Fourth and Fourteenth Amendments were dismissed at screening pursuant to 28 U.S.C. § 1915A.

Defendants seek dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Holleman fails to state a claim upon which relief can be granted because, as observed in *Perotti v. Quinones*, 488 F. App'x 141 (7th Cir. 2012) (citing *Shaw v. Murphy*, 532 U.S. 223 (2001)), "inmates do not have a constitutional right to provide legal assistance to other prisoners." Dkt. 14 at 1-2.

## II. Standard of Review

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## III. Discussion

### A. Injunctive Relief

A threshold issue concerns Mr. Holleman's release from IDOC. He has reported his change of address and informs the Court he is now in federal custody in Ohio. Dkts. 21 & 22. Because he is no longer at WVCF, his claim for injunctive relief is **dismissed as moot**. A claim for injunctive relief becomes moot when the plaintiff is no longer confined at the facility where the defendants are who would be subject to complying with the injunctive relief order. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009).

**B. Monetary Damages**

Remaining in this action is Mr. Holleman's suit for monetary damages from Defendants for violating his asserted First Amendment right to provide legal advice to other inmates. Defendants argue that the First Amendment does not provide that right, relying on *Shaw v. Murphy*, 532 U.S. 223 (2001). Dkt. 14 at 2. Mr. Holleman responds that he is not seeking special legal protection for legal correspondence, but is relying on the First Amendment protections explained in *Turner v. Safley*, 482 U.S. 78 (1987). Dkt. 18 at 6, 10–11.

"Prison officials may . . . impose restrictions on prisoner correspondence if those restrictions are 'reasonably related to legitimate penological interests.'" *Van Den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner*, 482 U.S. at 89). "In *Turner*, the Supreme Court specifically set forth four factors that courts may weigh in assessing the validity of a prison's regulations: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether the inmates have alternative means of exercising the restricted right; (3) the impact an accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether the regulation is an exaggerated response to prison concerns." *Id.*

In *Shaw*, the plaintiff—Kevin Murphy—was an inmate law clerk who was disciplined for writing a letter to another inmate with recommendations for defending against prison-discipline charges. 532 U.S. at 225–26. Mr. Murphy sued, alleging a First Amendment violation, and the district court held that the prison regulation was valid under the *Turner* test. *Id.* at 227. The Ninth Circuit reversed, holding that "inmates have a First Amendment right to assist other inmates with their legal claims." *Id.* The Supreme Court then reversed the Ninth Circuit, holding that inmates

do not have a "special right" under the First Amendment to provide legal assistance to other inmates. *Id.* at 228. However, the Supreme Court explained that the "First Amendment protection . . . normally accorded prisoners' speech" under *Turner* still applied. *Id.* at 231–32 ("[T]he proper constitutional test is the one we set forth in *Turner*.").

In short, under *Shaw*, there is no First Amendment right to provide legal advice that goes "above and beyond" protections for other inmate speech, but prison regulations remain governed by the *Turner* factors. *Id.*; *Lashbrook v. Hyatte*, 758 Fed. App'x 539, 541 (7th Cir. 2019) ("No *additional* constitutional protection [on top of *Turner*] is afforded prisoners' communication involving legal advice.").

Here, however, Defendants do not address the *Turner* factors or argue that Mr. Holleman cannot satisfy his burden under *Turner*. *See* dkt. 14. Instead, they argue that—without exception—"the First Amendment does not protect an inmate's right to provide legal assistance to others." Dkt. 20 at 3. They rely on *Shaw* and *Perotti*, 488 Fed. App'x at 146, in which the Seventh Circuit said that "inmates do not have a constitutional right to provide legal assistance to other prisoners." *Id.* at 3. But in *Shaw*, the Supreme Court unequivocally held that while there is no "enhance[d]" right, the First Amendment applies to inmate-to-inmate legal advice and is to be analyzed under the *Turner* factors. 532 U.S. at 228, 231–32 ("[T]he proper constitutional test is the one we set forth in *Turner*. Irrespective of whether the correspondence contains legal advice, the constitutional analysis in the same."). The Seventh Circuit has at least twice recognized that rule since *Perotti*. *See Lashbrook*, 758 Fed. App'x at 541; *Harris v. Walls*, 604 Fed. App'x 518, 521 (7th Cir. 2015) (explaining that Shaw "declin[ed] to give prisoner-to-prisoner legal assistance any First Amendment protection 'above and beyond the protection normally accorded prisoners' speech.'" (quoting *Shaw*, 532 U.S. at 231)). Indeed, in *Lashbrook*, the Seventh Circuit recognized that

4

assisting fellow inmates with "filing truthful grievances" can be "protected by the First Amendment." *Harris*, 604 Fed. App'x at 521.

Because Defendants' motion to dismiss does not address the *Turner* factors or argue that the complaint's allegations are insufficient under the proper test, the motion to dismiss is denied.[1]

### IV. Conclusion

For the reasons explained in this Order, the defendants' motion to dismiss the complaint for failure to state a claim is **DENIED**. Dkt. [13].

**SO ORDERED.**

Date: 3/24/2021

                                             James Patrick Hanlon
                                             United States District Judge
                                             Southern District of Indiana

Distribution:

Robert L. Holleman
22102509
Elkton - FCI
Elkton Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 10
Lisbon, OH 44432

Bryan Findley
Indiana Attorney General
bfindley@cassiday.com

Zachary Robert Griffin
Indiana Attorney General
zachary.griffin@atg.in.gov

---

[1] Because Defendants' motion to dismiss is denied on this basis, the Court does not address at this stage Plaintiff's argument that the challenged policy is vague, overly broad, and arbitrary.