UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00036-JPH-DLP |
| | ) |
| M. ELLIS, | ) |
| RICHARD BROWN, | ) |
| | ) |
| Defendants. | ) |

**Order Granting in Part and Denying in Part
Defendants' Motion for Summary Judgment and
Directing Further Proceedings**

Plaintiff Robert Holleman is a former Indiana inmate who was previously incarcerated at Wabash Valley Correctional Facility. He brought this civil rights action against Wabash Valley's warden, Richard Brown, and litigation liaison, Michael Ellis, alleging they violated his First Amendment rights by enacting a policy at Wabash Valley that prevents inmates from possessing another inmate's legal work. Mr. Holleman seeks declaratory, injunctive, and compensatory relief. Defendants have filed a motion for summary judgment.

For the reasons that follow, Defendants' motion is **granted in part** to the extent that Mr. Holleman's claims for injunctive and declaratory relief are **dismissed** as **moot**. With only the claim for compensatory relief remaining, Mr. Holleman is **directed to show cause** why this case should not be dismissed for lack of standing.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no

genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

At all relevant times in Mr. Holleman's complaint, he was a prisoner at Wabash Valley. *See* Dkt. 1, Complaint at ¶ 1. Mr. Holleman has since been released from both state and federal custody, and he is no longer incarcerated. *See* Dkt. 40, Notice of Change of Address.

In July 2019, Wabash Valley enacted a new rule that made it a disciplinary infraction to possess another offender's legal work:

> Offenders are expressly prohibited from being in physical possession (on their person or in their living quarters) of other offenders' legal work. If an offender is found to be in possession of other offenders' legal work the violation may result in a Class B write up (B-215 – Unauthorized Possession of Physical Property).

Dkt. 1 at 1; Dkt. 33-2, Wabash Valley Correctional Facility Directive 99-07 at 25 (the "Policy").

Mr. Holleman brought this lawsuit on January 21, 2020. *See* Dkt. 1. He contends the Policy is objectionable, vague, overbroad, and arbitrary, and it violates his First Amendment Rights. *Id.* at ¶ 2. Mr. Holleman seeks declaratory and injunctive relief as well as compensatory relief because Warden Brown and Litigation Liaison Ellis "were personally involved in enacting this new rule" and "refused to rescind it" when he brought it to their attention. *Id.*

### III.
### Discussion

Defendants move for summary judgment arguing that Mr. Holleman's claims for declaratory and injunctive relief are moot and his claims for compensatory relief fail on the merits. Dkt. 33.

**A.     Claims for Injunctive and Declaratory Relief**

Claims for injunctive relief and declaratory relief become moot once an inmate is transferred out of a facility absent any indication the inmate is likely to return. *See Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (claims for injunctive relief and declaratory relief are moot once an inmate is transferred out of the facility); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (internal quotations and citations omitted). Here, Mr. Holleman no longer resides at Wabash Valley; he has since been released from custody. *See* Dkt. 40. While Mr. Holleman argues he is still technically "in custody" while out on parole and he could return to Wabash Valley at any time,

this is speculative and not supported by evidence. *Higgason*, 83 F.3d at 811 ("Allegations of a likely retransfer may not be based on mere speculation."). Mr. Holleman's claims for injunctive and declaratory relief are moot so Defendants' motion for summary judgment as to those claims is **granted**.

### B. Claims for Compensatory Relief

The parties' briefs discuss the merits of Mr. Holleman's First Amendment claims, contesting whether Litigation Liaison Ellis was personally involved in drafting the Policy, whether the Policy violates the First Amendment, and whether Defendants are entitled to qualified immunity. However, the Court begins and ends with a different issue: subject matter jurisdiction—more specifically, whether Mr. Holleman has standing to bring a claim for damages. *Cothron v. White Castle System, Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021) (noting federal courts have an independent duty to ensure subject matter jurisdiction).

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) ("[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). "This limitation applies at all stages of review, not merely at the time the complaint is filed." *Lukaszczyk v. Cook County*, 47 F.4th 587, 596, (7th Cir. 2022).

An essential component of the "case" or "controversy" requirement is standing. *Flynn v. FCA US LLC*, 39 F.4th 946, 952 (7th Cir. 2022). As the party invoking federal jurisdiction, Mr. Holleman bears the burden of establishing Article III standing. *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020). He must show: (1) he suffered an injury in fact; (2) the injury is traceable to the challenged conduct of Defendants; and (3) the injury is likely to be

4

redressed by a favorable judicial decision. *Id.* at 620-21. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lukaszczyk*, 47 F.4th at 596 (internal citations and quotations omitted). "An injury is 'particularized' if it 'affects[s] the plaintiff in a personal and individual way.' It is concrete if it is 'real,' not abstract." *Id.* (citations omitted).

"When litigation moves beyond the pleading stage and Article III standing is challenged as a factual matter, a plaintiff can no longer rely on the mere allegations of injury; he must provide *evidence* of a legally cognizable injury in fact." *Flynn*, 39 F.4th at 949 – 50 (emphasis in original); *see also MainStreet Organization of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 752 (7th Cir. 2007) (Sykes, J., concurring) ("At the pleading stage, the plaintiff must allege facts that, assuming their truth, would establish the injury in-fact elements necessary to support standing. At summary judgment, those facts must be supported in the usual way (by affidavit or other evidence), and at trial they must be proven.").

Here, Mr. Holleman has neither alleged in his Complaint[1] nor demonstrated with evidence any concrete injury, such as disciplinary action or any other identifiable harm, that would support his claim for damages. With the claims for injunctive and declaratory relief moot and having failed to allege or offer any evidence of a concrete injury in support of his claim for damages, Mr. Holleman's case must be dismissed for lack of standing. *Flynn*, 39 F.4th at 949–50 (affirming dismissal for lack of standing at close of discovery because there was no evidence of a legally cognizable injury in fact); *see also Nowlin v. Pritzker*, 34 F.4th 629, 633 (7th Cir. 2022) (affirming

---

[1] Mr. Holleman's complaint is signed under the penalty of perjury, so it serves as evidence for purposes of summary judgment. *Jones v. Van Lanen*, 27 F.4th 1280, 1285 (7th Cir. 2022) ("[T]he law allows verified complaints—containing not just allegations but sworn statements of fact—to serve as evidence for purposes of summary judgment.").

dismissal for lack of standing where the complaint only alleged a governor's executive orders restricted their constitutional rights without actually alleging a concrete harm).

This case is distinguishable from *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008), where the Seventh Circuit found that the district court erred when it concluded that the plaintiff lacked standing to pursue injunctive relief because he was no longer at the jail and thus not likely to be subjected again to the challenged policy. In *Arreola*, the plaintiff had a broken ankle while he was temporarily housed for court proceedings at the Cook County Jail. Jail policy prohibited inmates from using crutches or canes in most areas of the Jail. Consequently, the plaintiff had to walk on his broken ankle, despite a doctor's orders to not bear any weight on the ankle. So not being able to use crutches because of the policy caused extreme pain and exacerbated his injury. The Seventh Circuit found that the district court erred when it concluded that the plaintiff lacked standing to pursue injunctive relief because he was no longer at the jail and thus not likely to be subjected again to the policy prohibiting inmates from using crutches or cans. However, unlike the plaintiff in *Arreola*, who suffered pain and alleged an "injury in fact" caused by the challenged policy, Mr. Holleman has not alleged or shown he was ever harmed by the Policy at issue here.

Mr. Holleman also alleges that Wabash Valley's Policy had a chilling effect on his First Amendment activities. Dkt. 1 ¶ 14; *see also Bell v. Keating*, 697 F.3d 445, 453 (7th Cir. 2012) ("Chilled speech is, unquestionably, an injury supporting standing."). But this is not a pre-enforcement challenge to a statute and Mr. Holleman's only claim is for damages against individual defendants. He has not identified any instance where this Policy chilled his activities nor has he otherwise alleged that the enactment of the Policy caused him any concrete harm. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 566 (1992) ("Standing . . . requires, at the summary judgment

stage, a factual showing of perceptible harm."). Accordingly, Mr. Holleman must show cause why this case should not be dismissed for lack of standing.

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [32], is therefore **granted in part** to the extent that Mr. Holleman's claims for declaratory and injunctive relief are dismissed as moot. Mr. Holleman is directed to **show cause** why this matter should not be dismissed for lack of standing **by October 20, 2022**.

**SO ORDERED**.

Date: 9/29/2022

                                              *James Patrick Hanlon*
                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

ROBERT L. HOLLEMAN
22102509
VOLUNTEERS OF AMERICA
611 N. Capitol Ave
Indianapolis, IN 46204

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov